[No. 9980.  Department Two.  February 15, 1912.]

LESLIE SMITH, *Respondent*, v. CLARENCE HOPPER *et al.*,
*Appellants.*[1]

MECHANICS' LIENS—RIGHT TO LIEN—WAIVER.  The right to a
mechanics' lien on a subcontract is not waived by the fact that the
subcontractor relied upon the credit of the principal contractors
when he entered into his contract, he not intending to waive his
right.

SAME—RIGHT TO LIEN—MATERIALS—ACCOUNT.  A painter under
a subcontract does not lose his right to a lien from the fact that he
did not keep an accurate book account of the paint which he took
and used from another job, where he is able to state the amount
and value of the same.

SAME—PERFORMANCE OF CONTRACT—ALTERATIONS—EVIDENCE.  A
building contract authorizing the architect to order any alteration
in plans or specifications without in any way interfering with or
lessening the agreement, does not authorize the architect to order
a complete change in the interior finish, whereby the cost of a
painting contract amounting to $230 would have been increased
$145, the architect requesting him to do the work for an increase of
$25; and upon conflicting evidence as to whether the plaintiff was
ordered to cease work, findings that he had performed and could
treat the contract as rescinded will be sustained.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered April 17, 1911, in favor of the
plaintiff, after a trial before the court without a jury, in an
action to foreclose a mechanics' lien.  Affirmed.

*Alderson & Murphine*, for appellants.
*Mitchell & Lawrence*, for respondent.

MOUNT, J.—Plaintiff brought this action to foreclose a
mechanics' lien.  The trial court entered a judgment in his
favor for $75, with interest and costs, and ordered a sale of
the liened property to satisfy the judgment.  The defend-
ants have appealed.

It appears that the defendants Wiley and Leiendecker had

[1]Reported in 121 Pac. 77.

a contract for the construction of a dwelling house for the defendants Hopper and wife. These contractors sublet the painting of the house to the plaintiff, for $230. Plaintiff did a part of the work, but did not complete the same because the character thereof was changed after he had begun work, and because, he alleges, no agreement was made as to the value of the extra work, and further because, he alleges, he was directed by the contractors to quit. Appellants argue that the cause should have been dismissed because the plaintiff testified that, when he took the contract to do the painting, he relied solely upon the credit of Mr. Wiley whom he knew, and also because he carried paint from another job to this one and kept no account of such paint.

The plaintiff did testify as stated, but it is clear, from his whole evidence, that he did not intend to waive his right to a lien in case he was not paid for his work. What he meant was that he knew the contractors and knew they were good for his pay, and that he relied upon that fact when he entered into the contract. His testimony was that he did not intend to waive his lien even though he thought they were good. A workman usually regards his employer as good for his pay, and enters into employment with the idea that the employer will pay when the payment becomes due, and relies upon that fact. But the mere fact that he so relies does not necessarily imply or prove that he thereby waives his right to the statutory lien which may finally become necessary in order to enforce his rights. In *Heald v. Hodder*, 5 Wash. 677, 32 Pac. 728, the court found that the work was done with no intention to claim a lien. Such is not the fact in this case. The fact that the plaintiff did not keep an accurate book account of the paint which he took from one job to another is of no especial importance, when he is able to state the amount and value of the materials used in the particular building against which the lien is sought. In this case the plaintiff furnished his own paints and was able to testify to the

amount he furnished and used on this particular building. The fact that he brought a part of it from some other job, or from the store where he had purchased it, was therefore entirely immaterial.

Appellants next argue that the trial court should have found upon the evidence that plaintiff refused to perform his contract, and therefore was not entitled to recover. The evidence is very conflicting upon this question. The plaintiff testified that, after he began work, a material change was made by the architect in the character of the inside finish, and no agreement was made as to the value of the work, that the contractors Wiley and Leiendecker had trouble with the architect and directed the plaintiff to do no more work, and that he obeyed this direction. The defendants denied that they directed plaintiff to cease work. It is apparently conceded that a material change was made in the work, and that plaintiff did not agree to the price offered for the change. But it is argued that the plaintiff was required to perform the work as changed because of a provision in the specifications, which reads as follows:

"The architect is to have full power to order in writing on behalf of the owner any alteration in either plans or specifications during the progress of the work, without in any way interfering with or lessening the agreement made upon the plans and specifications."

This provision, of course, does not mean that an entirely different building may be required, or, as applied to this particular painting contract, that an entirely different finish should be put by the painters upon the interior of the building. It means immaterial changes which do not materially affect the agreement. It is conceded that a change was made in the character of the finish required. The architect requested the plaintiff to enter into a new contract for the sum of $25 increase over his previous contract. The plaintiff testified that the change would have cost him $145 in excess of the original plan. This would be a material change

in a $230 contract, and one which would not be authorized by the provision quoted. In view of this fact, and in view of the conflict of the evidence upon the question whether the plaintiff was directed to quit his work and therefore treat it as rescinded, as in *Cochran v. Yoho*, 34 Wash. 238, 75 Pac. 815, we are not disposed to disturb the judgment to the effect that the plaintiff was entitled to recover the reasonable value of the work done by him.

The judgment is therefore affirmed.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.